UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

NICHOLAS EVANOFF,

Defendant.

CRIMINAL ACTION NO.
1:23-CR-00224-JPB

## ORDER

This matter comes before the Court on Nicholas Evanoff's ("Defendant")

Motion for Early Termination of Supervised Release [Doc. 2].  This Court finds as

follows:

## BACKGROUND

On September 18, 2018, Defendant was sentenced to twenty-four months

custody and five years of supervised release in the United States District Court for

the Northern District of Ohio.  [Doc. 1-2, pp. 2–3].  On July 10, 2020, Defendant

was released from prison and began his supervised release.  [Doc. 1].  Defendant's

case was subsequently transferred to this Court, effective June 20, 2023.  Id.

On July 24, 2023, Defendant filed the instant Motion for Early Termination

of Supervised Release.  [Doc. 2].  At the time that Defendant filed the Motion,

Defendant had completed approximately three years of his five-year supervised

release term.  [Doc. 1].  In his Motion, Defendant argues that he is a model candidate for early termination because he has been compliant in every aspect of his supervised release.  [Doc. 2, p. 4–7].  Defendant contends that he has registered and abided by the rules regarding the sex offender registry, has completed sex-offender treatment and attends regular therapy sessions.  Id. at 4.  Defendant also notes that he secured a job immediately after his release and has been promoted many times since his start.  Id. at 5.

The Government opposes Defendant's Motion.  See [Doc. 3].  Although the Government agrees that Defendant has "successfully compl[ied] with the terms of his supervised release thus far," it asserts that this Court should deny the motion because of the very serious nature of the offense and Congressional intent behind the mandatory five-year minimum term of supervised release for crimes such as the one committed by Defendant.  Id. at 2–3.   The Government contends that the mandatory minimum term reflects Congress' intent for those who commit these kinds of crimes to remain under supervised release for at least five years.  Id. Additionally, the Government alleges that Defendant's obligations under supervised release are minimal, requiring only that he meet with his supervising probation officer once a month.  Id.

## ANALYSIS

A court is authorized to "terminate a defendant's term of supervised release early if the defendant has completed at least one year of supervised release and the court 'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Cochran, 815 F. App'x 361, 363 (11th Cir. 2020) (quoting 18 U.S.C. § 3583(e)(1)). In determining whether early termination is warranted, the district court must consider the following:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, to protect the public, and to provide correctional treatment for the defendant; the advisory Sentencing Guidelines and pertinent U.S. Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.

Id. [1]

After considering the above factors, this Court finds that early termination of supervised release is not appropriate. Despite Defendant's compliance with his

---

[1] There seems to be a question regarding whether this Court even has the discretion to reduce Defendant's supervised release term in this case. See [Docs. 3, 4]. In its response to Defendant's motion, the government correctly points out that § 3583(k) imposes a mandatory five-year minimum term of supervised release for crimes such as the one committed by Defendant. [Doc. 3]. Defendant argues this does not change the Court's discretion to terminate the supervised release term following one year of supervision pursuant to § 3583(e)(1). [Doc. 4]. However, the Court need not analyze this issue in the instant case because, even assuming the Court has the discretion to terminate the remainder of Defendant's five-year supervised release term, the Court declines to do so.

supervised release requirements and good behavior, possession of child pornography is a serious crime.  Therefore, the nature and circumstances of the offense do not support a finding of early termination.  Moreover, the Court must also consider advisory Sentencing Guidelines and pertinent U.S. Sentencing Commission policy statements as a factor in determining whether early termination is appropriate, and after doing so, the Court is not persuaded that Defendant's good conduct while on supervised release merits deviation from the mandatory minimum five-year term of supervised release that was given at sentencing.

That said, the Court acknowledges Defendant's commitment to self-betterment.  Although the Court cannot grant Defendant's request for early termination, Defendant is encouraged to continue his commendable efforts.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Early Termination of Supervised Release [Doc. 2] is **DENIED**.

**SO ORDERED** this 22nd day of May, 2024.

_____
J. P. BOULEE
United States District Judge

4